**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO BENJAMIN GONZALEZ-PENA, | No. 22-1303 |
| Petitioner, | Agency No. A87-629-112 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 13, 2024
Submission Vacated February 14, 2024
Resubmitted April 10, 2024
Pasadena, California

Before: W. FLETCHER, NGUYEN, and LEE, Circuit Judges.

Petitioner Julio Benjamin Gonzalez-Pena petitions for review of an order by

the Board of Immigration Appeals ("BIA") dismissing his appeal from the denial

of his claims for withholding of removal and protection under the Convention

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Gonzalez-Pena argues that a regulation barring asylum claims by non-citizens who are subject to reinstated removal orders conflicts with his rights under the asylum statute and his right to due process under the constitution. We have rejected the claim that this regulation is inconsistent with the asylum statute. *Perez-Guzman v. Lynch*, 835 F.3d 1066, 1082 (9th Cir. 2016). We have also held that the "[r]einstatement of a prior removal order—regardless of the process afforded in the underlying order—does not offend due process." *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 497 (9th Cir. 2007) (en banc). Because Gonzalez-Pena's 2009 and 2010 removal orders have not been "invalidated on constitutional grounds," the reinstatement of those orders and Gonzalez-Pena's placement in withholding-only proceedings did not violate his due process rights. *See Villa-Anguiano v. Holder*, 727 F.3d 873, 879 (9th Cir. 2013).

Substantial evidence supports the BIA's conclusion that Gonzalez-Pena did not show past persecution. Gonzalez-Pena was not personally subject to violence in El Salvador. He points instead to threats he experienced and the killing of his older cousin by MS-13 gang members. But the threats he describes were not as severe as those we have found sufficient to demonstrate past persecution when

those threats were made in conjunction with violence to a petitioner's family member or members. *See, e.g.*, *Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000) ("repeated and especially menacing death threats can constitute a primary part of a past persecution claim," especially when combined with "attack[s] on family" or other mistreatment). Moreover, the BIA correctly noted that Gonzalez-Pena's remaining family in El Salvador has not been physically harmed.

This evidence does not "compel[] the conclusion" that Gonzalez-Pena experienced past persecution or that it is more likely than not that he would be persecuted in the future if removed to El Salvador. *Cordon-Garcia v. I.N.S.*, 204 F.3d 985, 990 (9th Cir. 2000); *see also Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017). For the same reason, the evidence does not compel the conclusion that it is more likely than not that Gonzalez-Pena would be subject to torture in El Salvador. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022). The BIA therefore did not err in denying Gonzalez-Pena's claims for withholding of removal and CAT relief.

**PETITION DENIED.**